Mary KALK, Plaintiff–Appellant,

v.

Daniel MIDDAUGH, Individually and as Sheriff of Oneida County, Peter Paravati, Individually and as Undersheriff of Oneida County Sheriff's Department, Joseph Lisi, Individually and as an employee of the Oneida County Sheriff's Department, County of Oneida, and James English, Individually and as Deputy Sheriff of the Oneida County Sheriff's Department, Defendants–Appellees.

No. 04–0892–CV.

United States Court of Appeals, Second Circuit.

Dec. 23, 2004.

A.J. Bosman, Utica, NY, for Plaintiff–Appellant.

Bartle J. Gorman, Gorman Waszkiewicz Gorman & Schmitt, Utica, NY, for Defendants–Appellees Daniel Middaugh, Peter Paravati, and County of Oneida.

David A. Bagley, Petrone & Petrone, Utica, NY, for Defendant–Appellee Joseph Lisi.

David R. Diodati, DelBuono & Diodati, New Hartford, NY, for Defendant–Appellee James English.

PRESENT: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

This is a civil rights suit brought by Plaintiff–Appellant Mary Kalk ("Kalk") against her former employer, Defendant–Appellee County of Oneida ("the County"), and her former supervisors and coworkers at the Oneida County Sheriff's Department. Defendant–Appellee Daniel Middaugh ("Middaugh") was the Sheriff of Oneida County at all times relevant to this action, and Defendant–Appellee Peter Paravati ("Paravati") was Undersheriff during the applicable period. Defendants–Appellees Joseph Lisi ("Lisi") and James

English ("English") worked with Kalk in a non-supervisory capacity.

The complaint asserts federal claims pursuant to Title VII and 42 U.S.C. § 1983, along with a variety of state law causes of action, arising from discrimination allegedly endured by Kalk during her employment, and from purported discrimination and denial of due process in connection with her resignation from the Sheriff's Department. The defendants moved in the district court for summary judgment on all claims, and Kalk cross-moved to amend her complaint. The defendants' motion was granted, and Kalk's cross-motion was denied. The instant appeal ensued.

As an initial matter, Kalk has not, in her appellate brief, pursued many of the claims contained in her complaint. Accordingly, we deem them abandoned. *See Hughes v. Bricklayers & Allied Craftworkers Local # 45*, 386 F.3d 101, 104 n. 1 (2d Cir.2004). Further, we find that Kalk's Title VII claims, to the extent not abandoned, are time-barred. *See* 42 U.S.C. § 2000e–5(e)(1); *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir.2004). That leaves Kalk's due process claim, her causes of action relating to union membership, and her Fourteenth Amendment hostile work environment claim. As to all these, except her hostile work environment claim against Paravati, we affirm the grant of summary judgment for substantially the reasons stated below. With respect to Kalk's hostile work environment claim against Paravati, we conclude, upon examination of the record, that the facts alleged by Kalk fail to raise a triable issue as to whether the harassment she allegedly suffered was "because of [her] sex." *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79–81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *Brown v. Henderson*, 257 F.3d 246, 255–56 (2d Cir.2001); *Alfano v. Costello*, 294 F.3d 365, 376–78 (2d Cir. 2002).

Finally, the district court did not abuse its discretion in denying Kalk's cross-motion to amend her complaint. *See Kropelnicki v. Siegel*, 290 F.3d 118, 130–31 (2d Cir.2002).

We have considered all of Kalk's contentions on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.